GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:    ALEXANDRA ROTHMAN
        Assistant United States Attorney
        One Saint Andrew's Plaza
        New York, New York 10007
        Tel. (212) 637-2580

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| -v.- | VERIFIED CIVIL COMPLAINT FOR FORFEITURE |
| $26,884.00 IN UNITED STATES CURRENCY, $73,900.00 IN UNITED STATES CURRENCY AND $142,473.00 IN UNITED STATES CURRENCY, | 19 Civ. 8095 |
| Defendants in Rem. | |

------------------------------------ x

Plaintiff United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

1.    This action is brought pursuant to Title 18, United States Code, Section 981(a)(1)(C), by the United States of America seeking the forfeiture of $26,884.00 in United States currency (the "Defendant in Rem $26,884"), $73,900.00 in United States currency (the "Defendant in Rem $73,900") and $142,473.00 in United States currency (the "Defendant in Rem $142,473") (collectively, the "Defendants in Rem").

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Southern District of New York.

4. Agents of the United States Drug Enforcement Administration ("DEA") seized the Defendants in Rem while executing search warrants issued by the United States District Court for the Southern District of New York (the "District Court") pursuant to the DEA's investigation of a money laundering conspiracy violating Title 18, United States Code, Sections 371 and 1956, and Title 31, United States Code, Section 5324 (the "Money Laundering Conspiracy").

5. The Defendants in Rem are currently held in the Seized Asset Deposit Fund Account maintained by the United States Marshals Service ("USMS").

6. The Defendants in Rem all constitute property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, and/or property traceable thereto, and thus are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## II. **PROBABLE CAUSE FOR FORFEITURE**

7. Physician-1 is a pain management specialist with medical offices in the New York City boroughs of Manhattan and Queens and on Long Island. In this capacity, Physician-1 owns two businesses and maintains bank accounts in the names of both businesses.

8. On at least ten occasions between February 2017 and December 2018, Physician-1 and others participated in a scheme involving the exchange of fraudulently written

checks, drawn principally on Physician-1's business bank accounts, for cash. Through these actions, Physician-1 wrote off hundreds of thousands of dollars in fraudulent business expenses for his medical practice while also retaining hundreds of thousands of dollars in United States currency. The cash received by Physician-1 was in part proceeds of narcotics trafficking activity, which Physician-1 and his co-conspirators then laundered.

9. Starting in or about August 2017, Physician-1 directed a confidential source ("CS-1") to write eleven checks to Business-1 with the memo notation "marketing fee" despite the fact that Business-1 had not performed any marketing services for Physician-1.

10. All eleven checks were written for amounts less than $10,000 and together totaled approximately $85,000.

11. CS-1 gave the checks to the owner of Business-1 ("CS-2"), who deposited the checks into a bank account held in the name of Business-1. Once those checks cleared, CS-2 delivered a bag containing approximately $85,000 in United States currency to CS-1. That same day or the following day, CS-1 delivered the cash to Physician-1.

12. CS-1 and CS-2 engaged in similar transactions involving approximately 38 different checks on at least five other occasions. On each occasion, CS-1 wrote checks to businesses owned by CS-2 or other individuals, and in exchange, CS-2 gave CS-1 large sums of cash. CS-1 then delivered these sums of cash to Physician-1, often to an apartment located on the east side of Manhattan where Physician-1 resides (the "Residence").

13. On approximately two occasions, CS-2 involved an individual named Shuai Sun ("Sun") in the scheme. Sun has been charged by a Grand Jury sitting in this district in an indictment, 18 Cr. 905 (LTS) (the "Indictment"), alleging that Sun and others conspired to commit

money laundering. The Indictment further alleges that as part of the conspiracy, Sun and others laundered proceeds of narcotics trafficking.

14. In or about December 2017, CS-2 learned that Sun had extra cash on hand. At the direction of Physician-1, CS-1 wrote eight checks – each for less than $10,000 – from a bank account belonging to Physician-1 directed to Business-2, for which Sun was listed as the president. In exchange, Sun gave $50,000 in United States currency to CS-2. CS-2 gave the $50,000 to CS-1, and CS-1 gave the $50,000 cash to Physician-1.

15. In or about February 2018, CS-1 wrote four checks to Sun from a bank account owned by Physician-1 and two checks to Sun from a bank account owned by CS-1 for a total of $50,000 in checks. Following the same scheme, Sun gave $50,000 in United States currency to CS-2. CS-2 then gave the $50,000 to CS-1, and CS-1 gave the $50,000 to Physician-1.

16. On or about November 7, 2018, the DEA approached Physician-1 to inquire about his involvement in the Money Laundering Conspiracy. Physician-1 refused to speak with the DEA.

17. On or about March 21, 2019, the DEA learned from CS-1 that Physician-1 maintains a safe at the Residence and keeps the United States currency provided by CS-1 in the safe.

18. On or about March 28, 2019, the District Court issued a federal search warrant for the Residence ("Search Warrant-1").

19. On or about April 1, 2019 at approximately 7:00 am, the DEA executed Search Warrant-1 at the Residence. The DEA seized the Defendant in Rem $26,884 from a safe

located in the master bedroom closet and from the file cabinets and a closet located in the Residence office.

20. During the search of the Residence, the DEA also recovered a receipt indicating that Physician-1 had rented a storage unit at Manhattan Mini Storage (the "Storage Unit") on November 10, 2018, just three days after the DEA had approached Physician-1 to question him about his involvement in the Money Laundering Conspiracy.

21. On or about April 1, 2019, at approximately 5:21 pm, after the DEA had searched the Residence, Physician-1 accessed the Storage Unit carrying a black satchel. Two minutes later Physician-1 exited the Storage Unit carrying the black satchel, a black case and a brown box. Surveillance video from the Storage Unit shows that Physician-1 placed the black case inside the brown box. At approximately 5:53 pm, Physician-1 entered the Residence with the brown box.

22. On or about April 3, 2019, the District Court issued a federal search warrant for the Residence ("Search Warrant-2").

23. On or about April 3, 2019 at approximately 9:25 pm, the DEA executed Search Warrant-2 at the Residence. The Defendant in Rem $73,900 was seized by the DEA from a lock box located on the bed in the master bedroom of the Residence.

24. During the search, the DEA also recovered a rental form and receipt for a locker located at the Manhattan Plaza Health Club (the "Health Club") along with the empty packaging for a Master Lock. Both the locker rental form and the rental receipt were dated April 3, 2019.

25. The Health Club is located at 482 West 43rd Street, New York.

26. Adjacent to the Health Club is the Manhattan Plaza Racquet Club (the "Racquet Club"), located at 450 West 43rd Street, New York.

27. During the course of its investigation, the DEA learned that Physician-1 is a member of the Racquet Club and maintains a locker there with his name inscribed thereon. ("Locker-1"). The DEA also learned that members of the Racquet Club are permitted to use the facilities of the Health Club. The DEA further learned that on or about April 3, 2019, Physician-1 entered the Health Club and demanded that he be given a locker at the Health Club. After some discussion, the Health Club allowed Physician-1 to rent the locker indicated in the rental form and receipt referenced in paragraph 24, above ("Locker-2").

28. On or about April 4, 2019, the District Court issued a federal search warrant for Locker-1 and Locker-2 ("Search Warrant-3").

29. On or about April 4, 2019, the DEA executed Search Warrant-3 and seized the Defendant in Rem $142,473 from Locker-2.

### III. CLAIM FOR FORFEITURE

**Forfeiture Under 18 U.S.C. § 981**
**(Property Involved in a Transaction or Attempted Transaction in Violation of 18 U.S.C. § 1956 or Property Traceable to Such Property)**

30. Paragraphs 1 through 29 of this Complaint are repeated and re-alleged as if fully set forth herein.

31. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States.

32. By reason of the foregoing the Defendants in Rem are subject to forfeiture

6

to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as property involved in a money laundering transaction or an attempted money laundering transaction, in violation of 18 U.S.C. § 1956, or as property traceable to such property.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants in Rem and that all persons having an interest in the Defendants in Rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendants in Rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
   August 29, 2019

          GEOFFREY S. BERMAN
          United States Attorney for the
          Southern District of New York
          Attorney for the Plaintiff
          United States of America

By:  */s/ Alexandra Rothman*
          ALEXANDRA ROTHMAN
          Assistant United States Attorney
          One St. Andrew's Plaza
          New York, New York 10007
          Telephone: (212) 637-2580

## VERIFICATION

STATE OF NEW YORK            )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK   )

ROBERT V. POLIMENO, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration (the "DEA"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the DEA, information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Titles 18 and 21 of the United States Code.

_____
ROBERT V. POLIMENO
Special Agent
Drug Enforcement Administration

Sworn to before me this
29th day of August, 2019

_____
NOTARY PUBLIC