UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

                 -v-                               VERIFIED ANSWER
                                                    AND DEMAND FOR
$26,844.00 IN UNITED STATES CURRENCY,    JURY TRIAL
$73,900.00 IN UNITED STATES CURRENCY
AND $142,473.00 IN UNITED STATES             19 Civ. 8095 (VEC)
CURRENCY,

                        Defendants in Rem,

JORDAN SUDBERG,

                        Claimant.
------------------------------------------------------------X

       By and through undersigned counsel, Claimant Jordan Sudberg, identified in the Verified Complaint for Forfeiture as Physician #1, hereby files his Answer with affirmative defenses to Plaintiff's Verified Civil Complaint for Forfeiture as follows:

       1.     Claimant asserts that Paragraph 1 of the Verified Complaint contains no allegations of fact. Rather, it simply quantifies the amounts of currency for which Plaintiff seeks forfeiture. To the extent that facts are alleged therein, Claimant denies them.

       2.     Claimant asserts that the Paragraph 2 of the Verified Complaint sets forth legal conclusions to which no response is required. To the extent that facts are alleged therein, Claimant denies them.

       3.     Claimant asserts that the allegations in Paragraph 3 of the Verified Complaint set forth a legal conclusion to which no response is required. To the extent that facts are alleged therein, Claimant denies them.

4.      Claimant denies knowledge and information sufficient to form a basis to address the allegations set forth in Paragraph 4 of the Verified Complaint.

5.      Claimant denies knowledge and information sufficient to form a basis to address the allegations set forth in Paragraph 5 of the Verified Complaint.

6.      Claimant denies the allegations in Paragraph 6 of the Verified Complaint.

7.      Claimant admits that he is a physician duly licensed to practice medicine, and denies the remaining allegation set forth in Paragraph 7 of the Verified Complaint.

8.      Claimant denies the allegations set forth in Paragraph 8 of the Verified Complaint.

9.      Claimant denies the allegations set forth in Paragraph 9 of the Verified Complaint.

10.     Claimant denies the allegations set forth in Paragraph 10 of the Verified Complaint.

11.     Claimant denies the allegations set forth in Paragraph 11 of the Verified Complaint.

12.     Claimant denies allegations set forth by Paragraph 12 of the Verified Complaint.

13.     Claimant denies knowledge and information sufficient to address the allegations in fact set forth in Paragraph 13 of the Verified Complaint and, further, denies participation in the conspiracy set forth therein.

14.     Claimant denies the allegations set forth in Paragraph 14 of the Verified Complaint.

15.     Claimant the allegations set forth in Paragraph 15 of the Verified Complaint.

16.     Claimant admits being approached by DEA agents on or about November 7, 2018 and that he made no statements to those DEA agents.  Claimant denies knowledge and information sufficient to address the remaining allegations set forth in Paragraph 16 of the Verified Complaint with respect to motivation of the agents who approached him.

17.     Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 17 of the Verified Complaint.

18.     Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 18 of the Verified Complaint.

19.     Claimant admits that on or about April 1, 2019, government agents executed a search warrant at his residence.  Claimant denies knowledge and information sufficient to form a belief with respect to the remaining allegations set forth in Paragraph 19 of the Verified Complaint.

20.     Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 20 of the Verified Complaint.

21.     Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 21 of the Verified Complaint.

22.     Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 22 of the Verified Complaint.

23.     Claimant admits that the DEA executed a search warrant at his residence on April 3, 2019.  Claimant denies knowledge and information sufficient to form a belief with respect to the remaining allegations set forth in Paragraph 23 of the Verified Complaint.

24.     Claimant admits holding a leasehold interest in a locker located at the Manhattan Plaza Club on or about April 3 or 4, 2019 and denies knowledge and information sufficient to

form a belief with respect to the remaining allegations set forth in Paragraph 24 of the Verified Complaint.

25. Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 25 of the Verified Complaint.

26. Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 26 of the Verified Complaint.

27. Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 27 of the Verified Complaint.

28. Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 28 of the Verified Complaint.

29. Claimant denies knowledge and information sufficient to form a belief with respect to the allegations set forth in Paragraph 29 of the Verified Complaint.

30. Claimant repeats and realleges all of the responses set forth in Paragraphs 1 through 29 of its Answer to the Verified Complaint.

31. Claimant denies the allegations set forth in Paragraph 31 of the Verified Complaint.

32. Claimant denies the allegations set forth in Paragraph 32 of the Verified Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

33. Claimant retains and preserves his privilege against self-incrimination conferred by under the Fifth Amendment to the United States Constitution.  Neither this Answer not anything contained here shall be construed as a waiver, limitation or forfeiture of Claimant's constitutional rights and privileges.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Plaintiff has failed to meet the notice and publication requirements of Rule 4A of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### AS AND FOR A THIRDAFFIRMATIVE DEFENSE

35. Claimant's property is not subject to forfeited pursuant to 18 U.S.C. §§ 981, 1956, 1957 nor any other statute.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. The Plaintiff lacked probable cause to seize the property it seeks to forfeiture.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. The property seized was not used for illegal purposes.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. Claimant acted in good faith at all times relevant to this Complaint.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. The allegations contained in Plaintiffs' Complaint are compound, vague and ambiguous.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

40. Claimant, as an innocent owner and did not know or have reason to know that the property in question was likely to be employed in the criminal activity described in the Verified Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

41. Plaintiff's seizure of the Claimant's property violates his Fourth Amendment rights to be free from illegal searches and seizures.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

42. Claimant retains and preserves rights against unreasonable and unlawful searches and seizures conferred by the Fourth Amendment to the United States Constitution and Plaintiff is estopped from obtaining a forfeiture judgment because it obtained the warrant authorizing search and seizures through insufficient, incorrect, incomplete and/or misleading allegations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

43. The government cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

44. The Plaintiffs cannot obtain forfeiture because the government has not acted in good faith.

## JURY DEMAND

45. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Claimant demands a trial by jury in connection with the subject action.

## RESERVATION OF RIGHTS

46. Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

Dated: October 31, 2019
New York, NY

Respectfully submitted,

_____

Benjamin Brafman
Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017
Tel: (212) 750-7800
bbrafman@braflaw.com

## ATTORNEY VERIFICATION

The undersigned attorney, duly admitted to practice in the Courts of the State of New York and the Southern District of New York, hereby affirms as true under all the penalties of perjury, that affirmant is an attorney with Brafman & Associates, P.C., the counsel of record for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that same is true to affirmant's own knowledge, except as to matters therein stated to be alleged upon information and belief, and that, as to those matters, affirmant believes it to be true.

_____
Benjamin Brafman